UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chad Everett Ridenour,

    Plaintiff,

                                       Civil Case No. 20-13272

v.

Commissioner of Social Security,        Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

**ORDER
ADOPTING 12/14/21 REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION, AND
GRANTING PLAINTIFF'S MOTION SEEKING REMAND**

    Plaintiff Chad Everett Ridenour filed this action, challenging the Commissioner of Social Security regarding a final decision denying his claim for supplemental security income. The matter was referred to Magistrate Judge Patricia Morris for determination of all non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Thereafter, the parties filed cross-motions for summary judgment.

    In a thirty-six page Report and Recommendation ("R&R") issued on December 14, 2021, the magistrate judge recommends that this Court grant Plaintiff's motion, deny the Commissioner's motion, and remand the decision so that the Administrative Law Judge ("ALJ") can properly consider Plaintiff's application under the correct standard.

    The R&R explained the history of Plaintiff's applications and the rulings on them. She noted that Plaintiff made arguments as to the prior ALJ not having been properly appointed

under the Appointments Cause of the United States Constitution, and thus having had no authority to render a decision, pursuant to the Supreme Court's decision in *Lucia*[1]:

> Plaintiff argues that the ALJ erred by adopting the previous ALJ's RFC findings, because the previous ALJ was not properly appointed under the Appointments Clause of the United States Constitution, and thus had no authority to render a decision. Although the present ALJ was properly appointed, the present ALJ considered himself bound by collateral estoppel and adopted most of the previous ALJ's findings. Thus, Plaintiff argues, this decision violated the appointments clause because most of the material findings were made by an improperly appointed ALJ.
> . . . .
> In Plaintiff's view, [*Lucia's*] holding extends not only to the previous ALJ, who was not properly appointed, but also to the current ALJ, who was properly appointed, but who adopted nearly all of the prior ALJ's findings, believing that he was precluded from relitigating these issues. (ECF No. 17, PageID.534.).

(R&R at 26). The magistrate concluded that, whatever the merits of this argument, and given that "[t]he *Lucia* Court did not address this unique situation," the "present ALJ improperly applied collateral estoppel when he adopted the prior ALJ's RFC findings, and this case should be remanded on this narrower ground," rather than on a constitutional ground. (*Id.* at 26-28).

The magistrate judge's conclusion about collateral estoppel having been improperly applied by the ALJ was based on the Sixth Circuit's decision in *Earley v. Commissioner of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In that case, the Sixth Circuit explained that when a claimant files a second application covering a different period, a prior ALJ's findings are not binding upon a subsequent ALJ. *Id.* at 932-33. Pursuant to *Earley*, if an ALJ fails to give a second application a "fresh review," the proper remedy is to remand to give the ALJ "another opportunity to review the application under the correct standard." *Id.* at 934. The magistrate

---

[1] *Lucia v. S.E.C.* 138 S.Ct. 2044, 2055 (2018).

judge concluded that, because the ALJ failed to do that, remand was required.

The magistrate judge concluded that her recommended remedy "does not preclude the most recent ALJ from rehearing this case on remand." (*Id.* at 28). The R&R explained that "[o]n remand, the ALJ would be free to make whatever factual findings he believes are supported by substantial evidence. In other words, the ALJ would no longer defer to the prior, improperly appointed, ALJ's findings, but would instead make his own findings." (*Id.*).

The magistrate judge's R&R, therefore, recommends that this Court deny the Commissioner's motion and grant Plaintiff's motion, to the extent it should remand the case to the most recent ALJ.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

The Commissioner filed timely objections to the R&R on December 22, 2021. (ECF No. 22).[2] The Commissioner acknowledges that the ALJ mis-stated the applicable legal standard. The Commissioner argues, however, that the magistrate judge applied an "overly formal interpretation of *Earley*" and erred in concluding that the ALJ failed to give the "fresh look" that *Earley* requires. The Commissioner argues that remand is therefore not required, despite the ALJ's error.

Plaintiff responded to the Commissioner's objections, asserting that the magistrate judge correctly concluded that the ALJ failed to give the fresh look required by *Earley.* (ECF No. 23).

---

[2]Later, the Commissioner also filed a notice of supplemental authority, directing this Court to an unpublished district court decision.

3

Plaintiff stresses that the magistrate "reasonably point[ed] out that the mere recitation of new evidence is not enough to show it was considered when the ALJ was unwilling to depart from the prior ALJ's findings." (*Id*. at 3). Plaintiff asserts that "the mere recitation of the most recent medical records does not corroborate the inference that the ALJ actually considered the record after August 22, 2017, when he acted under an erroneous legal standard." (*Id*. at 5). He further asserts that the "ALJ limited himself to the findings of the prior ALJ as binding, which impacted the rest of his decision, and revealed that he was unwilling to step aside from the previously adopted finding. Had the ALJ applied the proper legal standard and not treat[ed] the prior ALJ's determinations as binding, he would have departed from the prior ALJ's findings and independently determined the RFC." (*Id*. at 6). Plaintiff argues that this Court should adopt the recommendation of remand made by the magistrate judge.

The Court agrees. In the R&R, the magistrate judge properly determined that the ALJ's decision is contrary to the principles set forth in *Earley*. It is undisputed that, pursuant to *Earley*, if an ALJ fails to give a second application the requisite "fresh look," the proper remedy is to remand to give the ALJ another opportunity to review the application under the correct standard. The parties disagree, however, as to whether the ALJ gave Plaintiff's application that fresh look. Having carefully reviewed the magistrate judge's thoughtful and well-reasoned R&R, the Court agrees with her that, under the circumstances presented here, the ALJ failed to do so because he adopted the prior ALJ's findings without meaningfully considering any new evidence that supported a different conclusion. As such, remand is required.[3]

---

[3] The Court agrees with the magistrate judge that remand, rather than an award of benefits, is the proper result here because, in applying the correct standard, the ALJ may arrive at the same conclusion. (*See* R&R at 34 n.8).

Accordingly, IT IS ORDERED that the Commissioner's objections are overruled and the Court ADOPTS the December 14, 2021 R&R.

IT IS FURTHER ORDERED that: 1) the Commissioner's motion is DENIED; and 2) Plaintiff's motion is GRANTED, to the extent that the Court REMANDS this case to the most recent ALJ.

IT IS SO ORDERED.

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: February 24, 2022